**UNITED STATES BANKRUPTCY COURT**                  **For Publication**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

In re                                          :          Chapter 7
                                               :
LEWIS Y. FABER,                                :          Case No. 07-11652 (BRL)
                                               :
                        Debtor.                :

---------------------------------------------------------------X

MARTIN FRANCIS INTERNATIONAL                             Adversary Case 08-01408
ASSOCIATES,INC. AND MFIA STAFFING, INC.

                        Plaintiff

        -against-

LEWIS Y. FABER

                        Defendant.

---------------------------------------------------------------X

APPEARANCES:

REISMAN, PEIREZ & REISMAN, L.L.P.
Attorneys for Debtor/Defendant
1305 Franklin Avenue
Garden City, New York 11530
516-746-7799
By: Joseph Capobianco, Esq.

LAW OFFICE OF NARISSA A. JOSEPH
Attorney for Plaintiff
277 Broadway, Suite 501
New York, New York 10007
212-233-3060
By: Narissa A. Joseph, Esq.

## MEMORANDUM DECISION DISMISSING
## <u>COMPLAINT OBJECTING TO DISCHARGE/DISCHARGEBILITY</u>

Martin Francis International Associates, Inc. ("Martin") and MFIA Staffing, Inc.

(together with Martin Francis the "Plaintiffs") filed a Complaint (the "Complaint") against Lewis

Y. Faber ("Faber" or the "Debtor") seeking an order denying the discharge of the Debtor under

section 727 of title 11, United States Code (the "Bankruptcy Code") or, in the alternative, to

except the Plaintiff's claim from discharge under section 523 of the Bankruptcy Code. Faber, by

his attorney, moves for dismissal of the Complaint.

**Background**

On January 22, 2004, Martin, a temporary employee and placement service based in New

York City, entered into a Factoring and Security Agreement (the "Factoring Agreement") with

Yale Factors, Inc. ("Yale") whereby Yale provided factoring of Martin's invoices. The

Complaint alleges that Faber is the president of Yale and Faber's schedule of assets list an 80%

ownership interest in Yale valued at zero.

On November 17, 2004, Plaintiffs commenced an action in the Supreme Court of the

State of New York, New York County, (the "State Action") against Yale, titled *Martin Francis*

*International Associates, Inc., and MFIA Staffing, Inc., v. Yale Factors, Inc.*, alleging material

breaches, willful misconduct, disregard of the Factoring Agreement and activities designed to

defraud Yale's creditors, including Martin. No claim was made against Faber in the State

Action. On December 14, 2007, Plaintiffs obtained a default judgment against Yale (the "Yale

Judgment") in the amount of $3,253,058.50 plus interest and costs.

On May 31, 2007, an involuntary chapter 7 petition was commenced against Faber and an

order for relief was entered on July 2, 2007. In October 2007, Faber suffered a debilitating

stroke that left him incapacitated. As a result, Faber was unable to attend the meeting of

creditors mandated by section 341 of the Bankruptcy Code and neither the Trustee nor any

creditor was able to examine the Debtor under oath. On May 7, 2008 this Court entered an order

(the "Order") extending the date by which Plaintiffs could file a complaint objecting to the

Debtor's discharge to August 29, 2008.[1] The Order also extended the date by which the

---

[1] Bankruptcy Rule 4007(c) requires that a creditor requesting a determination of the dischargeability of any debt
pursuant to section 523(c) of the Bankruptcy Code must file a complaint within 60 days following the first date set

petitioning creditors and Sterling National Bank ("Sterling") could file a complaint objecting to discharge and to determine the dischargeability of a debt to August 29, 2008.  Plaintiffs are not petitioning creditors.

On August 28, 2008, Plaintiffs filed the Complaint in Faber's bankruptcy case in the main case docket seeking to deny the discharge of the Debtor pursuant to section 727(a) or, in the alternative, to except from discharge the debt of the Debtor to the Plaintiffs under section 523(a).  In the Complaint, Plaintiffs allege that the Debtor, as Yale's principal, engaged in activities that were designed to defraud his creditors, particularly Martin.  Specifically, Plaintiffs maintain that Yale willfully breached the Factoring Agreement by collecting funds and refusing to remit them to Martin.  Plaintiffs argue that because these funds are not listed in Faber's bankruptcy schedules, Faber should be denied discharge under section 727(a)(5) of the Bankruptcy Code.

Faber moves for dismissal of the Complaint on the grounds that (1) Plaintiffs failed to timely commence the adversary proceeding, (2) Plaintiffs' deadline to file a complaint pursuant to section 523(a) of the Bankruptcy Code was never extended to August 29, 2008 and expired before that date, and (3) the Complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules"), made applicable herein by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

---

for the first meeting of creditors or request an extension within that time period. Fed.R.Bankr.P. 4007(c). Bankruptcy Rule 4004, which sets out the limitation period for filing complaints under section 727(a) of the Bankruptcy Code, contains the same 60 day limitation and extension provisions as Bankruptcy Rule 4007(c). Fed.R.Bankr.P 4004(c).  The purpose of a filing deadline is to bring the bankruptcy proceeding to an end and to permit an expeditious determination of whether there is any reason why the debtor should not be discharged. *See Cosper v. Frederick*, 73 B.R. 636, 637 (Bankr .N.D. Fla. 1986).

**Discussion**

First, Faber argues that Plaintiffs failed to timely commence the adversary proceeding by the August 29, 2008 deadline specified in the Order. Although Plaintiffs filed the Complaint with this Court on August 29, 2008, it was filed in the main bankruptcy case rather than in a separate adversary proceeding. The docketing error was not corrected until the adversary proceeding was opened on September 10, 2008. Faber contends that the complaint is untimely because the summons was not issued until September 11, 2008.

Commencement of an action is governed by Federal Rule 3, made applicable herein by Bankruptcy Rule 7003, which states that a "civil action is commenced by filing a complaint with the court." An adversary proceeding is commenced upon the filing of a complaint alone and not, as the Debtor contends, upon the issuance of a summons. *See In re Horob*, 54 B.R. 693, 695-696 (Bankr. D.N.D. 1985) ("It must be noted that the deadline established pursuant to Bankruptcy Rule 4007(c) is as to the *filing* of the complaint. It is not the mailing of the complaint which evidences commencement of an adversary proceeding, nor is it the issuance or service of the summons; but rather, it is the actual filing of the complaint with the clerk's office."); *In re Terzian*, 75 B.R. 923, 927 (Bankr. S.D.N.Y. 1987), (finding that "[i]t is well established that a civil action is commenced in federal court by the filing of a complaint."). Here, although it was erroneously filed in the Debtor's main case, with respect to the section 727 claims, it was timely filed with the Court thereby giving notice to the Debtor of the claims against him.

The Complaint's section 523 claims however are untimely as the Plaintiffs' time to file a complaint to determine the dischargeability of the debt was never extended by this Court. The Order specifically provides that it is

"ORDERED, that the date by which the Trustee, <u>MFIA and Martin may file a complaint objecting to discharge</u> is extended to and including August 29, 2008 and it is further

ORDERED, that the date by which the <u>Petitioning Creditors and Sterling may file a complaint objecting to discharge and/or to determine the dischargeability of a debt</u> is extended to and including August 29, 2008"

*See* Order Pursuant to Bankruptcy Rules 4004(b) and 4007(c) and 11 U.S.C. § 105(a) Further Extending The Deadline For The Chapter 7 Trustee And Certain Creditors To File A Complaint Objecting To The Debtor's Discharge And The Deadline For Certain Creditors To File A Complaint Objecting To The Debtor's Discharge And/Or To Determine The Dischargeability Of A Debt, dated May 7, 2008 (ecf # 82).  Plaintiffs are not Petitioning Creditors.  The Order only provided Plaintiffs with an extension to file a complaint pursuant to section 727, not section 523.[2]  It is well settled that a request for an extension of time for objecting to discharge under section 727 does not extend the time for filing a complaint to determine the dischargeability of a particular debt.  *See* 4 Collier on Bankruptcy ¶ 523.04 (15 ed.). As explained by one court,

> The terms "discharge of the debtors" and "dischargeability of debts" refer to separate and distinct causes of action.  In a § 523(c) dischargeability proceeding, a creditor objects only to the dischargeability of its own debt. However, when a creditor objects to the discharge of the debtor pursuant to § 727, it is seeking to hold all of the debtor's debts nondischargeable because of objectionable conduct by the debtor that is more pervasive than a fraud on, or injury to, a single creditor.  While the general public may use the terms interchangeably, the Bankruptcy Code makes a clear distinction between the concepts of "discharge" and "dischargeability."  Therefore, a request to extend the time in which to "object to the discharge of the debtors" extends only the limitation period for filing actions under § 727 and nothing more."

---

[2]  Despite Plaintiffs' contentions to the contrary, the motion to extend the time period only sought "to extend the date by which the Trustee, MFIA and Martin may file a complaint objecting to the Debtor's discharge and the Petitioning Creditors and Sterling may file a complaint objecting to the Debtor's discharge or to determine the dischargeability of any debt..."  *See*  Motion, at 1.  Moreover, footnote 1 of the Motion specifically states that a previous extension of time sought and granted to the Trustee, MFIA and Martin only extended the deadline to object to the Debtor's discharge under Bankruptcy Rule 4004(b).

*Toth v. Ham (In re Ham)*, 174 B.R. 104, 107 (Bankr. S.D. Ill. 1994) (citations omitted). [3]

Accordingly, Plaintiffs' claims under section 523 are dismissed as untimely.

Lastly, the Debtor moves to dismiss the section 727 claims pursuant to Federal Rule 12(b)(6) for failure to state a claim for relief.  To survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

In order to protect the debtor's fresh start, section 727 is strictly construed against the objectant and liberally in favor of the debtor.  *In re Caulfield*, 192 B.R. 808, 821 (Bankr. E.D.N.Y. 1996) (citing *In re Adlman,* 541 F.2d 999, 1003 (2d Cir. 1976)).  However, the policy in favor of providing the honest debtor with a fresh start must be weighed against the countervailing policy of ensuring that dependable information is available to those interested in the administration of the bankruptcy estate.  *See In re Shapiro,* 59 B.R. 844, 849 (Bankr. E.D.N.Y. 1986).

Section 727(a)(5) of the Bankruptcy Code provides that a court shall grant the debtor a discharge unless "the debtor has failed to explain satisfactorily…any loss of assets or deficiency of assets to meet the debtor's liabilities."  There are two stages of proof under § 727(a)(5).  First, the party objecting to discharge bears the burden of establishing that the debtor at one time owned substantial and identifiable assets that are no longer available for his creditors. *In re Zamudio,* 2005 WL 2035969, 13 (Bankr.N.D.Ill. 2005). If the party objecting to the discharge is able to satisfy that burden, then the debtor must provide a satisfactory explanation for the loss.

---

[3]  Plaintiffs also contend that the Debtor admitted in Paragraph 8 of his Motion to Dismiss that the Order extended the date by which Plaintiffs may file a complaint under both sections 523 and 727.  This argument is contradicted by paragraph 11, in which the Debtor clearly argues that Plaintiffs' deadline to file a claim pursuant to section 523(a) was not extended by the Order.

*Id.* Courts have held that in order to maintain an action under section 727(a)(5) a creditor must show the lost assets were property of the debtor and not of another entity. *See In re Magnani*, 223 B.R. 177, 184 (Bankr. N.D. Iowa 1997) (citing *Riumbau v. Colodner (In re Colodner),* 147 B.R. 90, 94-95 (Bankr. S.D.N.Y. 1992)  (A "creditor must allege and prove that the debtor no longer has assets which the debtor previously owned and that the debtor has failed to explain the loss.").

Here, the Complaint fails to set forth facts to establish the first prong.  The Complaint fails to point to any substantial assets of the Debtor that were lost.  The Complaint alleges that although Yale collected funds under the Factoring Agreement with Martin, the Debtor has failed to explain what happened to the money Yale collected.  However, the funds that were allegedly collected by Yale, over four years ago, were property of Yale and not of the Debtor.  *See In re Rodriguez*, 2008 WL 3200215, 7 (Bankr. S.D.N.Y.) ("Property of a corporation, even where the Debtor is the sole shareholder, belongs to the corporation and not the debtor."); *see also In re Cassis***,** 220 B.R. 979, 984 (Bankr. N.D. Iowa 1998); *In re Zamudio*, 2005 WL 2035969, 12 (Bankr. N.D. Ill. 2005) ("Although § 727(a)(5) prescribes no limitations period, the assets in question must have belonged to the debtor during a period not remote in time to the commencement of the case.. A focus on the two years prior to the bankruptcy filing is common."); *Finch v. Finch,* 2004 WL 2272152, 7 (Bankr. M.D. Tenn. 2004) ("Despite its standard of strict liability, § 727(a)(5), requires establishing that there exists the loss or the deficiency of a prepetition asset that could have been used to pay creditors.")

The Debtor was not a party to the Factoring Agreement, was never a party to the State Action and is not liable for the Yale Judgment.[4]  When pressed at oral argument, counsel for the Plantiffs could not point to any factors that justified piercing the corporate veil or maintaining the 727(a)(5) claim against Faber.

**Conclusion**

Accordingly, for the reasons set forth above, the Motion to Dismiss is granted.

Dated:  New York, New York
         January 12,  2008

                              /s/ Burton R. Lifland_____
                              UNITED STATES BANKRUPTCY JUDGE

---

[4] Plaintiffs pleading filed in opposition to the motion to dismiss fail to respond to the section 727 arguments focusing instead only on their section 523 claims which are time barred.